IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LUIS MARTINEZ, #K-89831, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-00865-NJR |
| | ) |
| TAYLOR SCOTT, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Luis Martinez, a prisoner who is currently incarcerated at Pinckneyville Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff is serving ten years for criminal sexual assault. He sues Defendant Taylor Scott, a forensic DNA scientist, for allegedly switching Plaintiff's DNA sample with a sample belonging to the real offender—a person who is also named Luis Martinez. Plaintiff claims that he is actually innocent of the criminal sexual assault for which he is currently serving time. He seeks an order for a new round of DNA testing and monetary damages (Doc. 1, pp. 11-12). He raises related claims against Defendant Scott for malicious prosecution, false imprisonment, and conspiracy. For the reasons set forth below, Plaintiff's complaint shall be dismissed.

**The Complaint**

According to the complaint, Plaintiff was accused of sexually assaulting a woman on April 19, 2005 (Doc. 1, p. 4). He entered a guilty plea and was sentenced in the Circuit Court of Cook County, Illinois, to ten years of imprisonment. Plaintiff claims that the guilty plea was not entered knowingly or willingly because he was incompetent and unable to cooperate with his

defense attorney, although it appears as though he raised this argument unsuccessfully on direct appeal.

Plaintiff also claims that he is actually innocent of the crime for which he was convicted (Doc. 1, p. 4). In support of this argument, the complaint alleges that Plaintiff's DNA sample was switched with a sample belonging to the real offender, who happens to share Plaintiff's name. That man, not Plaintiff, is allegedly responsible for committing the sexual assault giving rise to Plaintiff's conviction and sentence.

Plaintiff filed this action against Defendant Taylor Scott, the forensic scientist who was allegedly responsible for indexing the relevant DNA samples in the FBI's Combined DNA Index System ("CODIS"). According to the complaint, Defendant Scott knew that the sample leading to Plaintiff's conviction actually belonged to another man named Luis Martinez (Doc. 1, p. 5). Even so, he concealed this fact from Plaintiff's attorney.

Plaintiff now seeks an order for a new DNA sample and a comparison of this DNA sample to the one catalogued in CODIS (Doc. 1, pp. 6, 12). He maintains that this comparison will prove his actual innocence. In connection with Defendant Scott's alleged misconduct, Plaintiff raises conspiracy, malicious prosecution, and false arrest claims against Defendant Scott (Doc. 1, pp. 10-11). He seeks six million dollars in damages.

**Merits Review Under 28 U.S.C. § 1915A**

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim

upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, district courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The claims raised in Plaintiff's complaint do not survive preliminary review under § 1915A.

**Discussion**

Plaintiff is seeking relief that cannot be granted under 42 U.S.C. § 1983 at this time, if ever. First, he requests DNA testing and a comparison with DNA samples in CODIS that will allegedly prove his actual innocence (**Count 1**). The Seventh Circuit has discussed, at length,

the proper procedure for making this request, and it does not involve filing a complaint pursuant to 42 U.S.C. § 1983. *See Price v. Pierce*, 617 F.3d 947 (7th Cir. 2010).

Rather, a prisoner may file a motion requesting DNA testing in state court under 725 Illinois Compiled Statutes 5/116-3. *See Price*, 617 F.3d at 952. If the results support a claim of actual innocence, he may file a motion for post-conviction relief. *See id*. Simply requesting a new round of DNA testing, without more, is not enough to prove Plaintiff's actual innocence. As the Seventh Circuit explained in *Price*, when a prisoner moves for forensic testing, "the best that can happen is that the trial court grants the motion, the tests are performed, and the defendant receives the results." *Id.*

A separate petition for post-conviction relief is necessary, if the prisoner intends to attack his conviction based on a claim of actual innocence. *Id.* at 953. So as to avoid running afoul of the statute of limitations for said claims, "a prisoner who wishes to pursue both federal habeas relief and move for DNA testing under § 116-3 may timely file his or her habeas petition [pursuant to 28 U.S.C. § 2254] and then move to stay the federal proceedings while the Illinois courts consider the DNA testing motion. *Id.* at 955 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005); *Newell v. Hanks*, 283 F.3d 827, 834 (7th Cir. 2002)). By filing a complaint under 42 U.S.C. § 1983, Plaintiff has followed neither procedure. Accordingly, **Count 1** shall be dismissed.

In addition, Plaintiff's claims for malicious prosecution (**Count 2**), false imprisonment (**Count 3**), and conspiracy (**Count 4**) are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Each of these claims is premised on Plaintiff's allegedly wrongful conviction. Under *Heck*, Plaintiff cannot bring a § 1983 lawsuit that would result in a judgment that "necessarily impl[ies]" that an otherwise valid conviction is invalid. *See Heck*, 512 U.S. at 487;

*see also Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011). A ruling in Plaintiff's favor on his claims of malicious prosecution, false imprisonment, or conspiracy would do just that. *See also Savory v. Lyons*, 469 F.3d 667 (7th Cir. 2006). Therefore, the Court finds that Plaintiff's claims against Defendant Scott run afoul of *Heck*, and **Counts 2, 3,** and **4** shall also be dismissed.

Based on the foregoing discussion, Plaintiff's entire complaint against Defendant Scott shall be dismissed. Although the Court expresses skepticism regarding the merits of Plaintiff's actual innocence claim, given the obvious hurdles created by the statute of limitations and Plaintiff's guilty plea, the Court will dismiss the complaint without prejudice to Plaintiff pursing relief in Illinois state court or in a habeas action, should he choose to do so.

**Disposition**

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that all pending motions (Docs. 3 and 4) are **DENIED** as **MOOT**.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr.* 150 F.3d 810, 811 (7th Cir. 1998).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[1]

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  September 3, 2014**

Digitally signed by Nancy J Rosenstengel
Date: 2014.09.03 09:31:04 -05'00'

**NANCY J. ROSENSTENGEL**
**United States District Judge**

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).